1
2
3
4
5
6
7
8
9
10

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

11 | RICHARD HARVEY,

No.  2:21-CV-1865-KJM-DMC-P

12 |                Petitioner,

<u>FINDINGS AND RECOMMENDATIONS</u>

13 |     v.

14 | PAUL THOMPSON, et al.,

15 |             Respondents.

16

17        Petitioner, a federal prisoner proceeding pro se, brings this petition for a writ of

18 habeas corpus under 28 U.S.C. § 2241.  Pending before the Court is Respondents' motion to

19 dismiss.  <u>See</u> ECF No. 6.

20

21                      **I.  BACKGROUND**

22        Petitioner is a federal prisoner incarcerated at the Federal Correctional Institution –

23 Herlong.  <u>See</u> ECF No. 1, pg. 1.  Petitioner claims that he is entitled to relief under the First Step

24 Act (FSA) of 2018 in the form of additional credits and, as a result, expedited release.  <u>See</u> <u>id.</u> at

25 6-7.

26 / / /

27 / / /

28 / / /

1

## II. DISCUSSION

2          Respondents contend the Court should dismiss the petition.  By way of

3   background, Respondents offer the following summary of the relevant provisions of the FSA:

4                  On December 21, 2018, Congress enacted the FSA to prescribe
           criminal justice reform. *See* Pub. L. No. 115-391, 132 Stat. 5194. The U.S.
5          Department of Justice, under BOP [Bureau of Prisons], was permitted 210
           days to develop and then publicly release a risk and needs assessment
6          system to assess inmates' risk of recidivism. *See* 18 U.S.C. § 3632(a).
           BOP timely published its risk and needs assessment system on July 19,
7          2019; BOP timely implemented and completed initial intake risk and
           needs assessment for each inmate before January 15, 2020. Pursuant to 18
8          U.S.C. § 3621(h)(1)(A), BOP assigns inmates to appropriate evidence-
           based recidivism reduction programs based on that determination.
9                  Against this background, as a matter of law, BOP has two years to
           "phase-in" programming and provide "evidenced-based recidivism
10         reduction programs and productive activities for all prisoners. . . ." *Id.* §
           3621(h)(2)(A-B).  Under FSA, federal inmates, such as Petitioner, who
11         qualify and who "successfully complete evidence-based recidivism
           reduction programming or productive activities, shall earn time credits."
12         *Id.* § 3632(d)(4)(A). These credits can accrue at the rate of "10 days of
           time credits for every 30 days of successful participation in evidence-
13         based recidivism programming or productive activities." *Id.* §
           3632(d)(4)(A)(i). Some federal inmates who are scored at a low or
14         minimum risk of recidivating, and who have not increased this risk over a
           period of two consecutive assessments, will earn an additional 5 days of
15         time credits for every 30 days of successfully [sic] participation. *Id.* §
           3632(d)(4)(A)(ii). The award of any credits is *not retroactive to* any
16         programs successfully completed "prior to the date of enactment of this
           subchapter." *Id.* § 3632(d)(4)(B).

17
           ECF No. 6, pg. 3-4.
18

19         Respondents contend that the petition should be dismissed because Petitioner has

20   failed to exhaust administrative remedies before filing this action.  Respondents also argue that

21   Petitioner fails to state a claim upon which relief can be granted because the Bureau of Prisons

22   (BOP) has sole discretion to place an inmate in end-of-sentence transition programs.  For the

23   reasons addressed below, this Court finds these arguments persuasive.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

**A.     Exhaustion of Administrative Remedies**

Respondents contend the Court should dismiss the case because Petitioner failed to exhaust administrative remedies.  Petitioner argues in response that he need not exhaust administrative remedies in this case, citing to Coleman v. U.S. Parole Comm'n, 644 Fed. Appx. 159, 162 (3d Cir. 2016), and Fraley v. U.S. Bureau of Prisons, 1 F.3d 924 (9th Cir. 1991).  See ECF No. 7. The Court does not agree.

These cases excused petitioners from exhausting administrative remedies only when it was clear that no further administrative action would yield any results.  Furthermore, in Fraley the petitioner did attempt pursue remedies before being denied relief based on official agency policy, rendering further administrative proceedings futile.  Fraley, 1 F.3d at 925.  In this case, especially now that the phase-in period to begin granting earned-time credit has expired, it is entirely plausible that administrative remedies may result in the reward of good-time credit. Therefore, Colman and Fraley are distinguishable on, thus, not persuasive in this case.

Petitioner also references Goodman v. Ortiz, 2020 U.S. Dist. LEXIS 153874 (D.N.J. 2020), which declined to dismiss another habeas corpus petition on the issue of earned-time credits for failure to exhaust.  This holding, however, was based on the premise that the petitioner in Goodman was presenting a question of pure statutory interpretation, see id. at *6, and this Court notes that Goodman has been questioned by other courts in this circuit, see e.g., Phares v. Bradley, 2021 U.S. Dist. LEXIS 156881, *24-25 (C.D. Cal. 2021) (declining to waive exhaustion because factual claims existed that required a record to resolve); Lister v. Gatt, U.S. Dist. LEXIS 181277, *6 (C.D. Cal. 2021) (declining to waive exhaustion due to factual questions and bypass of agency's chance at providing remedy); Esqueda-Cortez v. Thompson, 2022 U.S. Dist. LEXIS 63680, *7 (E.D. Cal. 2022) (declining to waive exhaustion due to factual questions).

Here, as in the cases above, Petitioner contends that he has participated in at least some programming that should count towards earned-time credits and that he has not been awarded those credits.  See ECF No. 7.  Whether Petitioner has participated in any activities which could entitle him to earned-time credit, and whether those credits should have already been calculated and applied, are exactly the types of factual questions that extend beyond statutory

1   construction and require a developed record for this Court to consider.  Additionally, if Petitioner

2   is now entitled to earned-time credits, Respondent should be given an opportunity to resolve the

3   issue for the sake of executive branch administrative independence and judicial branch efficiency.

4        The Court thus finds that relief under 28 U.S.C. § 2241 is not appropriate at this

5   time because Petitioner has not exhausted administrative remedies which might result in

6   resolution of this case without Court intervention.

7       **B.**    **Failure to State a Claim**

8        At footnote one of the motion to dismiss, Respondents argue Petitioner fails to

9   state a claim upon which relief can be granted because Petitioner seeks to compel a discretionary

10  act.  According to Respondent:

11         This Court lacks jurisdiction to review BOP discretionary,

12  individualized, decisions concerning release to home confinement and application of time credits. As a matter of law, 34 U.S.C. § 60541(g)

13  grants to *the Attorney General* the discretion to release certain prisoners to serve the latter part of their sentence on home confinement. For

14  implementation, the Attorney General's BOP must make unique, agency specific, determinations. Indeed, for any decision regarding First Step Act

15  sentence end-phase programing (home detention), the Attorney General, via BOP, must make *inter alia* determinations regarding costs, savings,

16  and further find that the offender, if eligible, does not pose a risk of engaging in future criminal conduct or is otherwise a danger. As the

17  statute makes clear, the "Attorney General" is granted the discretion and "may release" some eligible offenders. The "failure to receive relief that is

18  purely discretionary in nature does not amount to a deprivation of a liberty interest." *See Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir.

19  1999) (*citing Conn. Bd. of Pardons v. Dumschat,* 452 U.S. 458, 465 (1981)).

20       ECF No. 6, pgs. 4-5, n.1.

21       The Court also finds this argument persuasive.  Here, the FSA provides a

22  mechanism for the BOP to exercise its discretion concerning credits and early release.  And as

23  Respondents note, the denial of early release in the exercise of the BOP's discretion would not

24  give rise to the deprivation of a liberty interest such as would support Petitioner's claim.

25  Petitioner does not state a claim upon which relief can be granted under 28 U.S.C. § 2241.

26  / / /

27  / / /

28  / / /

4

1

### III.  CONCLUSION

2          Based on the foregoing, the undersigned recommends that Respondents' motion to

3 dismiss, ECF No. 6, be granted.

4          These findings and recommendations are submitted to the United States District

5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6 after being served with these findings and recommendations, any party may file written objections

7 with the Court.  Responses to objections shall be filed within 14 days after service of objections.

8 Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

9 Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11 Dated:  July 29, 2022

12                                              _____
                                               DENNIS M. COTA
13                                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28