UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HARVEY,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL THOMPSON, et al.,<br><br>    Respondents. | No. 2:21-cv-01865-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENTS' MOTION TO DISMISS THIS ACTION<br><br>(Doc. Nos. 6, 9) |

Petitioner Richard Harvey is a federal prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking his release from custody under the First Step Act. (*See* Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 1, 2022, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 6) be granted due to petitioner's failure to first exhaust administrative remedies in seeking the award of additional earned time credits and his failure to state a claim upon which relief can be granted under 28 U.S.C. § 2241. (Doc. No. 9.) Those findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within

/////

/////

1

fourteen (14) days from the date of service.[1]  (*Id*. at 5.)  To date, no objections have been filed and the time in which to do so has now passed.[2]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.  Accordingly, respondents' motion to dismiss the pending petition will be granted.

Additionally, the court declines to issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  The court will issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, reasonable jurists would not find the court's decision to dismiss the petition to be debatable or conclude that the petition should proceed further.  Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on August 1, 2022 (Doc. No. 9) are adopted in full;

/////

---

[1] The service copies of court's order dated April 19, 2022 and the pending findings and recommendations, which were mailed to petitioner at his address of record, were returned to the court as "Undeliverable, RTS, Refused, Unable to Forward, No longer here."  Petitioner was thus required to file a notice of his change of address with the court no later than August 22, 2022.  To date, petitioner has not filed a notice of his change of address or otherwise communicate with the court.

[2] This case was reassigned to the undersigned district judge on August 25, 2022.  (Doc. No. 10.)

2. Respondents' motion to dismiss the pending petition (Doc. No. 6) is granted;

3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 10, 2022**                          /s/ Dale A. Drozd
                                                                UNITED STATES DISTRICT JUDGE